UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TONY KIMBRO,

      Petitioner,

v.                                                 Case No:  5:11-cv-240-Oc-38PRL

WARDEN, FCC COLEMAN -
MEDIUM,

      Respondent.
_____/

## **OPINION AND ORDER**[1]

Petitioner Tony Kimbro (hereinafter "Petitioner" or "Kimbro") initiated this action as a federal prisoner incarcerated at FCC-Coleman by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition).  Petitioner attaches a memorandum (Doc. #1 at 7-38) in support of his Petition.[2]  The Petition challenges Petitioner's plea-based conviction entered in the United States District Court for the Northern District of

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] Petitioner filed a pleading entitled "petitioner's request for the original writ of habeas corpus for correction of Constitutional violations and/or release from custody, where he is in custody for an offense he is actually innocent of and also unconstitutionally and unlawfully confined."  See Doc. #1 at 7-38.  The Clerk filed the pleading as part of the Petition.  See docket.  The Court construes this pleading to be Petitioner's "memorandum."

Florida. See Petition at 2. Specifically, Petitioner asserts that he is "actually innocent" of his sentence (both the statutory minimum and increased maximum) because the United States did not allege a drug quantity in his indictment and he did not admit a quantity when he plead guilty, Petition at 3-4; Memorandum 8-31; and, he is entitled to retroactive resentencing under the Fair Sentencing Act of 2010, Petition at 4-5; Memorandum at 23. As relief, Petitioner requests that the Court vacate his conviction and sentence and correct the errors, or at least remand his case back to the district court for further proceedings. Petition at 6.

Respondent filed a Response (Doc. #6, Response) moving to dismiss the Petition for lack of jurisdiction and attached supporting exhibits including a copy of the criminal docket sheet and order denying Petitioner's motion for sentence reduction (Doc. #6-1, Exhs. 1-2). Petitioner filed a Reply (Doc. #7). This matter is ripe for review.

**Procedural History**

**A.  Conviction and Direct Appeal**

On June 15, 1994, Petitioner was indicted in the Northern District of Florida for conspiracy to distribute cocaine base ("crack cocaine") in violation of 21 U.S.C. § 846, and three counts of possessing crack cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) in case number 5:94-cr-05018-LC. See Exh. 1. Petitioner subsequently plead guilty to the conspiracy count pursuant to a plea agreement, and the district court sentenced him to serve 420 months imprisonment followed by five years supervised release. Exh. 1 at Doc. #49, Doc. #51. Petitioner appealed, Exh. 1 at Doc. #53, and the United States Court of Appeals for the Eleventh Circuit affirmed his

conviction and sentence in an unpublished decision, United States v. Kimbro, 70 F.3d 1284 (11th Cir. 1995).

## B.  Collateral Relief

On April 23, 1997, Petitioner filed his first motion to vacate sentence pursuant to 28 U.S.C. § 2255 (assigned case number 5:97-cv-113/RV/MD). Exh. 1 at 98. The district court denied the motion in August 1997. Exh. 1 at Doc. #104. On August 31, 2001, Petitioner filed a second § 2255 motion (case number 5:01-cv-201-LC), Exh. 1 at Doc. #123, which the district court summarily dismissed, Exh. 1 at Docs. #126-#127.

Petitioner later moved for resentencing pursuant to 18 U.S.C. § 3582 based on Amendment 706 to the United States Sentencing Guidelines. Exh. 1 at Doc. #133. The district court denied Petitioner's motion for resentencing finding that the application of Amendment 706 did not affect Petitioner's sentencing range. See Exh. 2.

## C.  Current § 2241 Petition

As set forth above, Petitioner asserts that he is actually innocent of his sentence because he never plead to the quantity of drugs when he plead guilty, nor was the quantity alleged in the indictment. See Petition; Memorandum. Petitioner also argues that the Court should apply the FSA retroactively to resentence him. Petition at 4; Memorandum at 36.

In Response, Respondent argues that Petitioner's arguments are foreclosed by Gilbert v. United States, Case No. 09-12513, 2011 WL 1885674, *11-29 (11th Cir. May 19, 2011)(en banc). Response at 2-7. Respondent further argues Petitioner's attack on the validity of his enhancement sentence is not cognizable under § 2241 because drug

type and quantity are not elements of a federal offense and the FSA is not retroactive. Id.

## Analysis

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005)(*per curiam*). When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the appropriate federal circuit court prior to filing a successive petition. Id. (citing In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996); see also 28 U.S.C. § 2244(b)(3)(A). Additionally, § 2255 motions must be brought in the district court of conviction and are subject to a one-year statute of limitations. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f). Under limited circumstances, a federal prisoner may file a habeas petition pursuant to § 2241. Title 28 U.S.C. § 2255(e) provides that:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the application has failed to apply for relief, by motion, to the court which sentenced him, or such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

Id. (emphasis added to indicate the savings clause). The last clause of § 2255(e) is the "savings clause." The applicability of the savings clause is a threshold jurisdictional matter, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (citing Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999)); see also Bryant v. Warden, FCC Coleman-Medium, 738 F.2d 1253, 1256 (11th Cir. 2013)(recognizing five requirements a petitioner must meet to satisfy the Savings

Clause).  Id. at 1339-40 ("[I]n enacting § 2255(e), Congress clearly restricted the subject-matter jurisdiction of the federal courts.").

Petitioner's previous § 2255 motion was denied by the court which imposed his sentence.  Thus, Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); Darby, 405 F.3d at 945 ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion").  Thus, Petitioner's only available avenue for collateral relief in a § 2241 petition is through the savings clause.  The savings clause of § 2255 permits a federal petitioner to file a § 2241 petition if the petitioner can establish that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Where, as here, a petitioner challenges a "fundamental defect in sentencing," he must show the following to establish that § 2255 was inadequate or ineffective to testify the legality of his detention: (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, his claim was squarely foreclosed by circuit precedent; (2) subsequent to his first § 2255 proceeding, a United States Supreme Court decision overturned circuit precedent; (3) the new rule announced by the Supreme Court is retroactively applicable to cases on collateral review; (4) his enhanced sentence exceeds the authorized statutory maximum penalty for his offense.  Bryant v. Warden, FCC-Coleman, 738 F.3d 1253, 1274 (11th Cir. 2013)(synthesizing the saving's clause tests discussed in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); and Williams v. Warden, Federal Bureau of Prisons, 713 F.2d 1332, 1343 (11th Cir. 2013)).  This threshold showing is a jurisdictional

requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Williams, 713 F.3d at 1338; Daniels v. Warden, FCC-Coleman, 538 F. App'x 850 (11th Cir. 2013)("[A] petitioner may not argue the merits of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim.")

Petitioner cannot satisfy the Wofford requirements, as discussed in Williams and Bryant, to open a portal for a § 2241 review. The gravamen of the Petition is that the indictment did not set forth, nor did Petitioner specifically plead guilty to, a specific quantity of drugs in violation of Apprendi.³ See Petition; Memorandum. Nothing precluded Petitioner from raising this argument, on appeal, or in his first § 2255 motion. In Wofford, the Eleventh Circuit stated that all that is required under 28 U.S.C. § 2255(e) is that a petitioner have had an "unobstructed procedural shot" at getting his sentence vacated. Wofford, 177 F.3d at 1244. "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed." Id.; see also Turner v. Warden, Coleman FCI, 709 F.3d 1328 (11th Cir. 2013)(holding that § 2255(e)'s savings clause did not cover federal habeas petitioner's claim, because it could have been raised in an earlier § 2255 proceeding). Because circuit precedent did not foreclose this claim, Petitioner's first § 2255 motion was not inadequate or ineffective to raise the instant sentencing claim. Additionally, to the extent Petitioner really wanted to raise an Apprendi

---

³Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)(establishing that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond a prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

claim, Petitioner entered a plea in this case, so his case did not proceed to a trial by jury. Even if his case did proceed to trial by jury, Apprendi does not apply retroactively. Dohrmann v. United States, 442 F.3d 1279, 1281-82 (11th Cir. 2006); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001)("[W]e hold that the new constitutional rule of criminal procedure announced in Apprendi does not apply retroactively on collateral review.")  Likewise, the FSA is not retroactively applicable.  United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010),[4] cert. denied, 131 S.Ct. 1833 (2011).

In sum, Petitioner cannot satisfy either prong of the Wofford test, so the savings clause of § 2255(e) does not apply.  Petitioner's collateral attack on his federal conviction must be treated as a § 2255 petition. However, Petitioner has previously filed two other § 2255 petitions.  Thus, the instant action is successive and the Court lacks jurisdiction.

ACCORDINGLY, it is hereby **ORDERED**:

1. The Petition (Doc. #1) is **DISMISSED** for lack of jurisdiction

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 9th day of June, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record

---

[4]Gomes was abrogated by Dorsey v. United States, ___ U.S. ____, 132 S. Ct. 2321, 2335-36 (2012)(explaining that FSA applies to defendants convicted before, but sentenced after, the FSA took effect).  Here, Petitioner was convicted and sentenced well before the FSA took effect on August 3, 2010.  See Exh.1.